UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA WESLEY-WILLIS,<br><br>Plaintiff,<br><br>v.<br><br>CAJON VALLEY UNION SCHOOL DISTRICT; CAJON VALLEY EDUCATION ASSOCIATION; CHRISTOPHER PROKOP; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 17cv1662-WQH-WVG<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the motion to dismiss filed by Defendant Cajon Valley Union School District (ECF No. 8) and the motions to dismiss and strike filed by Defendants Cajon Valley Education Association and Christopher Prokop (ECF Nos. 9, 10).

**I.   BACKGROUND**

On September 29, 2017, Plaintiff Christina Wesley-Willis ("Wesley-Willis") filed a First Amended Complaint against Defendants Cajon Valley Union School District ("School District"), Cajon Valley Education Association ("Education Association"), and Christopher Prokop ("Prokop") arising from events taking place during her employment

1

with the School District. (ECF No. 4). Wesley-Willis alleges that she was demoted from her position as Principal to an Assistant Principal and then demoted again to a teaching position. Wesley-Willis brings the following causes of action: (1) violation of the Civil Rights Act, 42 U.S.C. § 2000 et seq. against the School District; (2) violation of the Civil Rights Act – disability, 42 U.S.C. § 12101 et seq. against the School District; (3) violation of the Civil Rights Act – hostile work environment, 42 U.S.C. § 2000 et seq. against the School District; (4) violation of the California Fair Employment and Housing Act, California Government Code § 12940(h) against the School District; (5) violation of the California Fair Employment and Housing Act, California Government Code § 12940(m)(n) against the School District; (6) violation of the California Fair Employment and Housing Act, California Government Code § 12940(j)(k) against the School District and the Education Association; (7) interference with contractual relations against the Education Association and Prokop; (8) tortious interference with business relations against Education Association and Prokop; (9) violation of California Labor Code §§ 98.6 and 1102.5 against the School District.

On October 30, 2017, the School District filed a motion to dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) on the grounds that the School District is immune from suit in federal court under the Eleventh Amendment of the United States Constitution. (ECF No. 8). On November 13, 2017, Wesley-Willis filed a response. (ECF No. 11). On December 4, 2017, the School District filed a reply. (ECF No. 16).

On October 31, 2017, the Education Association and Prokop filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 9) and a motion to strike three claims pursuant to California Code of Civil Procedure section 425.16. (ECF No. 10). On November 14, 2017, Wesley-Willis filed responses. (ECF Nos. 12, 13). On November 27, 2017, the Education Association and Prokop filed replies. (ECF Nos. 14, 15).

## II. MOTION TO DISMISS BY THE SCHOOL DISTRICT

The School District moves this Court for an order dismissing this case pursuant to Rule 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction. The School District contends that it is immune from this suit under the Eleventh Amendment because the Ninth Circuit Court of Appeals has determined that California school districts are state agencies and arms of the state for purposes of Eleventh Amendment immunity. The School District contends that the Eleventh Amendment bars this suit with respect to both federal and state claims. The School District contends that the Complaint should be granted without leave to amend. Further, the School District contends that the request for the production of records should be denied because Wesley-Willis bears the burden of establishing subject matter jurisdiction in this case.[1]

Wesley-Willis contends that "under certain circumstances, the Eleventh Amendment protection can either be abrogated and/or waived." (ECF No. 11 at 8). Wesley-Willis asserts that the School District "received substantial federal funding, and as such has waived any immunity that it would otherwise be entitled to assert." *Id.* at 2. Wesley-Willis contends that she can establish subject matter jurisdiction by amending her complaint to include allegations about federal funding. *Id.* Wesley-Willis contends that she can establish subject matter jurisdiction by amending her complaint to "seek[] injunctive, declaratory relief, and the reinstatement to her Principal position." *Id.* Wesley-Willis further requests permission "to amend her complaint to cure the alleged subject matter defects raised by Defendant in its motion." *Id.* at 8. Alternatively, Wesley-Willis asks the Court to "order [the School District] to provide a verified response and produce any documents showing/demonstrating whether the receipt of federal funds vitiates the District's claim of sovereign immunity." *Id.*

---

[1] The request for judicial notice filed by the School District (ECF No. 16-1) in support of their reply to the motion to dismiss is denied as unnecessary. *See, e.g.*, *Asvesta v. Petroutsas*, 580 F.3d 1000, 1010 n.12 (9th Cir. 2009) (denying request for judicial notice where judicial notice would be "unnecessary").

Based on the concession by Wesley-Willis that the First Amended Complaint is deficient as currently pleaded and her request for leave to amend, the Court grants the motion to dismiss. The First Amended Complaint is dismissed as to the School District. Wesley-Willis's request for an order requiring the School District to provide documents relating to the receipt of federal funds is denied without prejudice at this stage in the proceedings.

## III. REMAINING STATE CAUSES OF ACTION

The federal causes of action in the First Amended Complaint are only brought against the School District and have been dismissed. *See* ECF No. 1 at 12-18. The remaining causes of action alleged by Wesley-Willis do not arise under federal law. The First Amended Complaint asserts that jurisdiction is proper in this Court based on federal question jurisdiction and therefore relies on supplemental jurisdiction over the remaining state law causes of action. The federal supplemental jurisdiction statute provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c).

Having dismissed the only federal claims asserted by Wesley-Willis in this action, the Court declines to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c). *See San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998). The Complaint is dismissed in its entirety.[2] The motion to

---

[2] In her responses to pending motions to strike and dismiss the remaining state law claims filed by the Education Association and Prokop, Wesley-Willis states "Plaintiff apologizes but based upon the allegations as presently constituted, there is no such [subject matter] jurisdiction. . . . [A]s there does not

dismiss and motion to strike pursuant to California Code of Civil Procedure section 425.16 (ECF Nos. 9, 10) are denied as moot.

## IV. LEAVE TO AMEND

Wesley-Willis requests leave to file a Second Amended Complaint and asserts that she can include allegations demonstrating that the Eleventh Amendment does not bar this action. The School District requests that the First Amended Complaint be dismissed without leave to amend based on Eleventh Amendment sovereign immunity.

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citations omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the

---

exist any claim over which this Court can exercise jurisdiction the Court, as a preliminary matter is precluded from ruling on the merits of Defendants [sic] motion, and should dismiss for lack of subject matter jurisdiction." (ECF No. 12 at 3; ECF No. 13 at 3).

remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

The Court concludes that Defendants have not made a sufficiently strong showing of the *Foman* factors to overcome the presumption of Rule 15(a) in favor of granting leave to amend. *Id.* The Court grants Wesley-Willis's request for leave to file a Second Amended Complaint.

## V. CONCLUSION

IT IS HEREBY ORDERED that the motion to dismiss filed by Defendant Cajon Valley Union School District is GRANTED. (ECF No. 8). The Complaint is dismissed in its entirety and without prejudice.

IT IS FURTHER ORDERED that the motion to strike and motion to dismiss filed by Defendants Cajon Valley Education Association and Christopher Prokop are denied as moot. (ECF No. 9, 10).

IT IS FURTHER ORDERED that Plaintiff Christina Wesley-Willis is granted leave to file a Second Amended Complaint. Wesley-Willis shall file any Second Amended Complaint within thirty (30) days of the date of this Order.

Dated: February 22, 2018

Hon. William Q. Hayes
United States District Court