UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA WESLEY-WILLIS,<br><br>        Plaintiff,<br><br>v.<br><br>CAJON VALLEY UNION SCHOOL DISTRICT; and DOES 1–10, inclusive,<br><br>        Defendant. | Case No.: 17cv1662-WQH-WVG<br><br>**Order** |

HAYES, Judge:

The matter before the Court is the Motion for Leave to File Third Amended Complaint filed by Plaintiff Christina Wesley-Willis. (ECF No. 41).

### I.  PROCEDURAL BACKGROUND

On March 26, 2018, Plaintiff Christina Wesley-Willis filed a Second Amended Complaint (SAC) against Defendant Cajon Valley Union School District (School District) and Does 1–10, inclusive. (ECF No. 18). The SAC alleged the following causes of action against the School District: discrimination and a hostile work environment in violation of the Civil Rights Act, 42 U.S.C. § 2000 et seq. (Title VII); violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. (ADA); and five claims arising under state law.

On August 6, 2018, the Court dismissed the ADA claim, stating that "[t]he School District enjoys Eleventh Amendment immunity with respect to Wesley-Willis's cause of action under Title I of the ADA." (ECF No. 23). The Court also dismissed the hostile work environment claim under Title VII, stating that "the factual allegations of the SAC are insufficient to support a reasonable inference that Wesley-Willis was subjected to verbal or physical conduct because of her race or gender that was so severe or pervasive as to alter the conditions of her employment." *Id.*

On October 23, 2018, Plaintiff filed a Motion for Leave to File Third Amended Complaint. (ECF No. 41).

On November 11, 2018, the School District filed a Response in opposition. (ECF no. 42).

On November 19, 2018, Plaintiff filed a Reply. (ECF No. 43).

## II. DISCUSSION

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In *Foman v. Davis*, the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

371 U.S. 178, 182 (1962); *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citations omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833

F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052. If "the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009). "A district court does not abuse its discretion when it denies leave to amend where a plaintiff . . . did not propose any new facts or legal theories for an amended complaint and therefore give the Court any basis to allow an amendment." *Boehm v. Shemaria*, 478 Fed. Appx. 457, 457 (9th Cir. 2012). If amendment would be futile, the district court need not grant leave to amend. *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

In the Motion, Plaintiff proposes to add David Miyashira, District Superintendent, as a Defendant. (ECF No. 41-4 at 11). Plaintiff "seeks to provide facts in support of the dismissed second and third causes of action" as to the ADA and hostile work environment claims. *Id.*

The School District contends that the proposed amendment would be futile because the ADA does not provide a cause of action against individual defendants. (ECF No. 42 at 5–6). The School District asserts that the proposed amended complaint "does not contain specific factual allegations that Plaintiff was subjected to severe or pervasive conduct of a racial or sexual nature or for that matter having anything to do with her age." *Id.* at 7.

Plaintiff contends that Miyashira is a proper defendant pursuant to the *Ex Parte Young* exception to Eleventh Amendment immunity. (ECF No. 43 at 3). Plaintiff contends that Eleventh Amendment immunity does not apply to actions for prospective declaratory or injunctive relief against state officers in their official capacities. Plaintiff asserts that Miyashira is a state officer sued in his official capacity as superintendent. Plaintiff asserts that the proposed amended complaint alleges "that in each and every meeting," Miyashira "raised the issue of race, gender and/or age." *Id.* at 4. Plaintiff asserts that the hostile work environment claim is based on interactions with Miyashiro and on the School District

1 blackballing Plaintiff, and assigning Plaintiff duties that violated her work accomodations
2 and exposed her to interactions with violent students.

### A. ADA Claim

Plaintiff seeks to add Miyashiro only to the second cause of action, the ADA claim, as the sole Defendant to the ADA claim. (ECF No. 41-4 at 27). In *Walsh v. Nevada Department of Human Resources*, the court explained that Title I of the ADA does not permit suits against individual defendants. 471 F.3d 1033, 1038 (9th Cir. 2006). The court explained that "[b]ecause Title I of the ADA adopts a definition of 'employer' and a remedial scheme that is identical to Title VII, [the] bar on suits against individual defendants also applies to suits brought under Title I of the ADA." *Id.* (citing *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587 (9th Cir.1993)). Plaintiff cannot maintain a Title I ADA suit against Miyashiro, an individual. *See Stern v. Cal. State Arhcives*, 982 F. Supp. 690, 692 (E.D. Cal. 1997) (granting summary judgment in favor of supervisors because individual employees do not qualify as "employers" for purposes of ADA liability). *But see Mohsin v. Calif. Dep't of Water Res.*, 52 F. Supp. 3d 1006, 1012 (E.D. Cal. 2014) ("A claim against the state under Title I of the ADA is permissible only when the plaintiff brings suit against state officials for prospective injunctive and declaratory relief—the *Ex parte Young* Doctrine.") (citing *Walsh*, 471 F.3d at 1036). The proposed amendment to add Miyashiro is futile.

### B. Hostile Work Environment Claim

A prima facie case for a hostile work environment under Title VII requires plaintiffs to show (1) they were subjected to verbal or physical conduct because of their race or gender; (2) the conduct was unwelcome; and (3) the conduct "was sufficiently severe or pervasive to alter the conditions of [the] employment and create an abusive work environment." *Vasquez v. Cty. of L.A.*, 349 F.3d 634, 642 (9th Cir. 2003) (quotation omitted); *see also Nichols v. Azteca Rest. Enter., Inc.*, 256 F.3d 864, 871 (9th Cir. 2001). A Title VII hostile work environment claim does not support claims for discrimination on the basis of disability. *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093 n.8 (9th Cir. 2008)

4

("Title VII does not encompass discrimination on the basis of disability."). The alleged conduct must establish that "the workplace is permeated with 'discriminatory intimidation, ridicule, and insult.'" *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal citation omitted) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65 (1986)).

"[N]ot all workplace conduct that may be described as 'harassment' affects a 'term, condition, or privilege' of employment within the meaning of Title VII." *Meritor Sav. Bank*, 477 U.S. at 67. "The working environment must both subjectively and objectively be perceived as abusive." *Fuller v. City of Oakland*, 47 F.3d 1522, 1527 (9th Cir. 1995) (citing *Harris*, 510 U.S. at 21–22). "In determining whether an actionable hostile work environment claim exists, we look to 'all the circumstances,' including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002); *see also Brooks v. City of San Mateo*, 229 F.3d 917, 923–24 (9th Cir. 2000).

In *Vasquez*, the court determined that an employer was entitled to summary judgment on a hostile work environment claim in which the employee provided evidence that his supervisor had yelled at him on a few occasions, made false complaints against him, and made two racially offensive remarks in the span of approximately one year. 349 F.3d at 643–44. The court found that the conduct was "less frequent, less severe, and less humiliating" than the conduct in cases in which the court had previously determined to create a hostile work environment. *Id.* at 644.

The proposed amended complaint, like the SAC, provides factual allegations about administrative actions the School District took in relation to Plaintiff over a period of approximately two years, including demoting Plaintiff, asking Plaintiff to leave a conference, demanding that Plaintiff apologize to her staff members, and denying Plaintiff promotions. (ECF No. 41-4 ¶¶ 21, 111.e., i.–l.). The proposed amended complaint adds allegations that Plaintiff was the only black American woman attending the conference for the District. *Id.* ¶ 111.f. The proposed amended complaint alleges that "the District

actively assisted the white employees to overcome the complaints and/or grievances against them," and not Plaintiff. *Id.* ¶ 22. The proposed amended complaint alleges that the tasks assigned to Plaintiff related to special needs children prone to violence. *Id.* ¶¶ 67, 73, 76, 111.c–d.

The proposed amended complaint adds allegations that the District, through the actions of Miyashiro, created a hostile work environment by "[r]epeatedly referencing Plaintiff's race, age, gender and/or disability for reasons and rationale for decisions effecting her employment status," and "for why she should pursue career paths outside of the District."[1] *Id.* ¶¶ 111.a–b. The proposed amended complaint alleges that "Plaintiff was constantly battling the preferential treatment being provided to white colleagues and to her exclusion, while Miyashiro was repeatedly raising race, sex, age and disability with the Plaintiff." *Id.* ¶ 113. The proposed amended complaint adds, "Plaintiff was not considered for [a] job," to the existing SAC allegation that the job was given to "a young white female to the position of Principal, who again, lacks the experience, qualifications and/or credentials, when compared to the Plaintiff." *Id.* ¶ 72.

Although the factual allegations of the proposed amended complaint support the conclusion that Plaintiff was unhappy with the School District's employment decisions, the allegations of the proposed amended complaint do not establish conduct supporting a hostile work environment claim under Title VII. *See Manatt v. Bank of Am.*, 339 F.3d 792, 798 (9th Cir. 2003) (stating that Title VII is not a "general civility code"). Plaintiff alleges one specific conversation with a reference to her race, in which the superintendent stated that her race would be "an asset in finding another position." ECF No. 41-1 ¶ 34; *see also* ¶ 31 ("Plaintiff could write her own ticket being an African American, woman with her age . . . ."). However, this statement does not rise to the severity and frequency of conduct that would support a Title VII hostile work environment claim. *See, e.g.*, *E.E.O.C. v. Prospect*

---

[1] Grammar and syntax are presented as originally written unless otherwise noted.

*Airport Servs., Inc.*, 621 F.3d 991, 998 (9th Cir. 2010) ("A violation is not established merely by evidence showing 'sporadic use of abusive language, gender-related jokes, and occasional teasing.'"); *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 n.1 (1998) (quoting *Carrero v. N.Y.C. Hous. Auth.*, 890 F.2d 569, 577 (2d Cir. 1989)) (stating that incidents of harassment "must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive"). Conclusory allegations of "repeated" additional references to Plaintiff's race, at "each and every" meeting, do not allege specific facts. The factual allegations of the proposed amended complaint are insufficient to support a reasonable inference that Plaintiff was subjected to verbal or physical conduct because of her race or gender that was so severe or pervasive as to alter the conditions of her employment. The motion to amend the hostile work environment claim is futile.

Defendant made a sufficiently strong showing of the *Foman* factors to overcome the presumption in favor of granting leave to amend under Rule 15(a). After considering the motions and Defendant's Response, Plaintiff's Motion for Leave to File Third Amended Complaint is denied.

### III. CONCLUSION

IT IS HEREBY ORDERED that the Motion for Leave to File Third Amended Complaint filed by Plaintiff (ECF No. 41) is denied.

Dated: December 13, 2018

*/s/ William Q. Hayes*
Hon. William Q. Hayes
United States District Court